IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10995
Summary Calendar
_____

ALAN GERARD OUELLETTE,

                                        Plaintiff-Appellant,

versus

JIM BOWLES ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1283-X
- - - - - - - - - -

March 11, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Alan Gerard Ouellette, Dallas County prisoner #97004554,
appeals from the dismissal of his civil rights complaint and
revocation of his *in forma pauperis* (IFP) status pursuant to 28
U.S.C. § 1915(g).  Ouellette moves for appointment of counsel and
summary judgment; his motions are DENIED.  Ouellette contends
that an untreated hernia has caused him serious physical injury;
that his hernia likely will cause him permanent and debilitating
damage in the future; that jail officials were deliberately
indifferent to his serious medical needs; and that the denial of
his medical needs violated the Equal Protection Clause because

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

another prisoner received adequate medical care.

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under
> this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any
> facility, brought and action or appeal in a court of
> the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).  Because Ouellette made no allegations regarding any danger of a serious physical injury in his appellate IFP motion, the district court's grant of leave to proceed IFP on appeal could have been based only on the allegations Ouellette made in his responses to a questionnaire from the magistrate judge.  The grant of IFP on appeal constituted an implicit finding that Ouellette was under an imminent danger of serious physical injury, contradicting the district court's explicit finding that Ouellette was not under such an imminent danger with regard to his district court proceedings.

We vacate the order granting Ouellette leave to proceed IFP on appeal and remand Ouellette's case for the district court to address the inconsistencies in its rulings.  *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998).  We express no opinion on whether Ouellette in fact was under imminent danger of serious physical injury when he filed his notice of appeal or his motion to proceed IFP on appeal, *see Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998), or whether the type of injury Ouellette alleges is the type contemplated by § 1915(g).

VACATED and REMANDED.